IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CINDY L. IRACA, )
)
    Plaintiff, )
)
v. )
) Civil Action No. 11-87J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
    Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 10th day of September, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 19) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 17) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed her application for SSI on February 1, 2008, alleging disability beginning on June 2, 2004, due to heart problems, chronic obstructive pulmonary disease, back and knee pain, carpal tunnel syndrome and anxiety. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 3, 2010. On March 19, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 22, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 44 years old when she filed her SSI application and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev. 8/82)

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of sacroiliac joint dysfunction, left ulnar neuropathy, lumbar degenerative disc disease with chronic lower back pain, arthritis of the thumbs, coronary artery disease, hypertension, Prinzmetal angina, asthma/chronic obstructive pulmonary disease, anxiety/depressive disorder and panic attacks, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with additional non-exertional limitations. Plaintiff is limited to work that requires only occasional postural maneuvers, such as balancing, bending, stooping and crawling. In addition, she requires work that does not involve any exposure to temperature extremes or concentrated noxious fumes and gases. Finally, plaintiff is limited to working in a low stress environment, which involves few changes in work processes and no fast-paced or quota production standards (collectively, the "RFC Finding").

Based on testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity allow her to perform work that exists in significant numbers in the national economy, such as a labeler, a laundry

folder or a hostess/greeter.  Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled.  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1]  20 C.F.R. §416.920(a)(4).  If the

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments.  20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40.  In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work.  20 C.F.R. §416.945(a)(4).

claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because: (1) he gave inadequate weight to the opinion of plaintiff's treating physician, and thus did not properly assess her residual functional capacity; (2) he did not properly consider plaintiff's problems with her hands; (3) he improperly evaluated plaintiff's credibility; and (4) he posed an inadequate hypothetical question to the vocational expert. The court finds that these arguments lack merit.

First, plaintiff argues that the ALJ failed to give appropriate weight to the opinion of her treating physician, Dr. James Hall. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §416.927(c)(2). Under this standard, the ALJ properly determined that Dr. Hall's opinion should be given diminished weight. (R. 23-24).

Dr. Hall indicated on a report entitled "Medical Evaluation" that plaintiff has normal use of her hands and arms, except for decreased left grip strength, but she has problems standing, walking, bending and kneeling and she is unable to work. (R. 390-92). As the ALJ explained in his decision, Dr. Hall's opinion that plaintiff is unable to work is contradicted by other medical

evidence, and appears to have been based on her subjective complaints, which the ALJ properly found to be not entirely credible as explained in more detail below. As the ALJ pointed out, contrary to Dr. Hall's assessment, a consultative examination performed by Dr. Christopher Begley showed that plaintiff had full range of motion in all joints, full range of motion in her cervical, thoracic and lumbosacral spine and a normal motor and sensory examination. (R. 357). In addition, the ALJ correctly observed that Dr. Hall's opinion that plaintiff is unable to work is undermined by her activities of daily living.

The court notes that despite giving Dr. Hall's opinion diminished weight, the ALJ did not wholly disregard it in making the RFC Finding. Consistent with Dr. Hall's assessment that plaintiff has problems standing, walking, bending and kneeling, the ALJ's RFC Finding restricted her to light work that involves only occasional postural maneuvers. For this reason, and those discussed above, the court concludes that the ALJ properly evaluated and weighed Dr. Hall's opinion, and correctly incorporated into the RFC Finding that portion of his assessment which was supported by substantial evidence.

Plaintiff next argues that the RFC Finding did not contain any limitation for her alleged hand problems. Contrary to plaintiff's assertion, the medical evidence indicates that she does not experience any functional limitations associated with her hands. Dr. Alexander Krot, who was plaintiff's treating orthopedic surgeon, indicated in his treatment notes that despite

having an enchondroma (benign cartilage tumor) on her left thumb, she had good range of motion and no real pain on palpation. (R. 269-70). After plaintiff subsequently had surgery on her right thumb, Dr. Krot stated that she was doing satisfactory, and she had very little discomfort or pain. (R. 422). Accordingly, there was no basis for the ALJ to find that plaintiff had any hand limitations which should have been included in the RFC Finding.

Plaintiff next contends that the ALJ erred because he improperly evaluated and rejected her subjective complaints of pain, an argument which the court finds to be without merit.

As an initial matter, a claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). However, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints of pain, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, plaintiff's own statements about her symptoms and the opinions of physicians who treated and examined her. See 20

C.F.R. §§416.929(c)(1)-(c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and further found that plaintiff's testimony regarding her pain and resulting limitations was not entirely credible. (R. 21). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 21-24), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not properly account for her moderate difficulties with concentration, persistence and pace. To the contrary, the ALJ accounted for her difficulties in those areas by limiting her to working in a low stress environment that involves few changes in work processes and no fast-paced or quota production standards. The Third Circuit Court of Appeals has held that a restriction to simple, routine tasks sufficiently accounted for a claimant's moderate limitation in concentration, persistence and pace, thus the ALJ's more detailed restriction here adequately accommodates plaintiff's moderate limitation in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946 (3d Cir. 2008); see also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) (restriction to simple, routine tasks accounted for the claimant's

moderate limitation in concentration, persistence and pace).

In addition to adequately accounting for plaintiff's limitation with concentration, persistence and pace, the ALJ's hypothetical question otherwise incorporated all of her functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
    P.O. Box 597
    Hollidaysburg, PA 16648

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901